**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **GARY SEXTRO and GLORIA SEXTRO,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:06CV1485-DJS |
| ) | |
| **AUTO-OWNERS INSURANCE COMPANY,** ) | |
| ) | |
| Defendant. ) | |

### ORDER

Plaintiffs Gary Sextro and Gloria Sextro bring the instant action as members of the last board of directors, and therefore statutory trustees, of Capital Restoration and Painting Co., a Missouri corporation which was administratively dissolved on August 31, 1996. Defendant Auto-Owners Insurance Company issued to Capital Restoration a Workers Compensation and Employers Liability Insurance Policy ("the Policy") with effective dates of August 16, 2004 to August 16, 2005. An employee named Timmie Sherwood was injured on February 15, 2005 and March 15, 2005 while working in Missouri within the course and scope of his employment with plaintiffs. Sherwood filed claims against plaintiffs with the Illinois Workers' Compensation Commission.

Plaintiffs allege that defendant wrongly consented to Illinois jurisdiction by entering a general entry of appearance and answer to Sherwood's Illinois claims, and then subsequently refused to provide plaintiffs with a defense to or coverage for the claims.

Plaintiffs seek a declaratory judgment that defendant breached its duty to insure and defend, and seek damages in the amounts they incurred for worker's compensation benefits paid to Sherwood, and reasonable attorney's fees and costs. Defendant has filed a counterclaim seeking a declaration that there is no coverage under the policy for Sherwood's Illinois claims. Now before the Court is defendants' motion for summary judgment on both plaintiffs' claim and defendant's counterclaim.

**Consent to Illinois Jurisdiction**

In opposition to plaintiffs' claim that defendant's conduct before the Illinois Workers' Compensation Commission constituted a wrongful consent to its jurisdiction, defendant notes first, as a matter of fact, that it did not consent to jurisdiction but instead filed a motion to dismiss challenging jurisdiction in Illinois, and second, as a matter of Illinois law, that subject matter jurisdiction could not be waived or consented to by the parties. <u>Eschbaugh v. Industrial Commission</u>, 677 N.E.2d 438, 442 (Ill.App. 1996). Plaintiffs offer no argument in opposition to these assertions, which defeat any claim that defendant's conduct before the Illinois Commission prejudiced plaintiffs.

**Scope of Policy Coverage**

As for the Policy's coverage, subsection C of the General Section of the Policy defines the applicable "Workers Compensation Law" as that of each state named in Item 3.A of the Information Page. Policy, Def. Exh. H, p.1. Item 3.A lists only Missouri. Subsection B of Part One, the Workers Compensation Insurance, provides that defendant "will pay promptly when due the benefits required of [plaintiffs] by the workers compensation law," namely that of Missouri. Defendant's duty to defend workers compensation claims is defined in Subsection C of Part One with the same scope, *i.e.*, as to claims for benefits "payable by this insurance."[1]

Plaintiffs appear to argue that, because Sherwood's injuries were subject to the Missouri Worker's Compensation Act, the Policy's coverage applies. Pltf. Response [Doc. #31], pp.10-11. That Sherwood could have pursued relief under the Missouri Act does not control the issue of Policy coverage for workers compensation claims actually pursued in Illinois instead. As previously noted, the Workers Compensation Insurance set forth in

---

[1] Plaintiffs illogically argue that Section F of Part One – which states that **the insured** is responsible for payments in excess of the benefits regularly provided by the applicable workers compensation law under certain circumstances – "contemplates claims filed in other jurisdictions" and somehow broadens defendant's obligations. Pltf. Response [Doc. #31], pp.9-10. This contention is without merit as a matter of law.

Part One of the Policy applies to benefits required of plaintiffs under the workers compensation law *of Missouri*.

The provisions of Part Three, the "Other States Insurance," potentially broaden plaintiffs' coverage to other states listed in Item 3.C of the Information Page, including Illinois. The inclusion of such other states occurs if plaintiffs "begin work in any one of those states after the effective date of this policy and are not insured or are not self-insured for such work." Part Three, Subsection A.2. If plaintiffs had work in Illinois on the effective date of the policy, coverage therefor under Part Three, Subsection A.4 required notice within thirty days. In support of its assertion that Capital Restoration performed no work in Illinois as of the date of Timmie Sherwood's injury, defendant cites the interrogatory answer of plaintiff Gary Sextro to that effect. Interrogatory Answer #12, Def. Exh. I, pp.9-10. Plaintiffs' attempt to avoid that factual admission by casting the issue as presenting a "question of law" is unpersuasive. Pltf. Response [Doc. #30], p.2.

Plaintiffs finally argue that the Policy is ambiguous with respect to the phrase "begin work" in Part Three governing application of the Policy to the other states including Illinois listed in Item 3.C. Plaintiffs contend that the hiring of Sherwood occurred in Illinois (as was found by the Illinois Workers Compensation Commission) and that such hiring constituted beginning

4

work in Illinois after the effective date of the Policy so as to include Sherwood's Illinois workers compensation claim under the Policy's coverage. In reply, defendant points out that plaintiff Gary Sextro's affidavit on the issue to the Illinois Workers' Compensation Commission attests that Sherwood's hiring occurred in Missouri. The Commission later found to the contrary, based on the testimony of Sherwood and another witness.

In any event, were the Court persuaded that the phrase "begin work" is ambiguous, the Court would not construe the term to encompass the hiring of a worker in one state to perform work in another state, where no further work of any kind is begun in the state in which the hiring occurred. As a matter of law on the facts presented here, the Court concludes that the hiring of Sherwood in Illinois did not constitute "beginning work" in Illinois for purposes of Part Three's Subsection A.2, whether or not the term is ambiguous.

**Waiver or Estoppel**

Finally, in opposition to the instant motion, plaintiffs argue that defendant undertook defense of Sherwood's worker's compensation claim without expressing a reservation of rights, and thereby waived its right to disclaim coverage, citing Consolidated Electric Cooperative v. Employers Mut. Liability Ins. Co., 106 F.Supp. 322, 329 (E.D.Mo. 1952). In reply to this contention,

5

defendant makes multiple arguments. First, defendant contends that plaintiffs cannot assert such a waiver for the first time in opposition to summary judgment, and have themselves waived the issue by failing to plead it as an affirmative defense to defendant's counterclaim. Alternatively, defendant argues that its conduct -- challenging Illinois jurisdiction and, promptly after an adverse determination of that issue, advising its insureds that the Policy did not cover Illinois claims -- cannot be deemed a waiver. Lastly on the waiver issue defendant distinguishes <u>Consolidated Electric Cooperative</u> in that there the waiver involved was of reliance on policy exclusions, as distinct from non-coverage. Defendant argues that estoppel cannot create coverage where it never existed under the terms of the insurance policy.

All of defendant's positions on this issue appear to have merit. Most substantive is the proposition that neither waiver nor estoppel based on the conduct of the insurer can create coverage where the policy's terms do not provide it. Statements to this effect are found over and over in modern cases applying the law of Missouri (and other states as well). "[N]either waiver nor estoppel is available to bring risks within the coverage of an insurance policy that are not covered by its terms or that are excluded from the policy." <u>United Fire & Casualty Company v. Gravette</u>, 182 F.3d 649, 659 (8th Cir. 1999) (applying Missouri law, as do the parties here). "An insurer is not required to provide coverage where the effect would be that of providing coverage where

none existed under the policy's terms." Hussman v. GEICO, 768 S.W.2d 585, 587 (Mo.App. 1989). "The thread of law which runs through all of the foregoing cases, and the cases cited therein, is that a coverage excluded, or not included, within the coverage insurance agreement may not be included upon the basis of waiver or estoppel for failure timely to assert that defense." State Farm Mutual v. Hartford Accident & Indemnity Company, 646 S.W.2d 379, 381 (Mo.App. 1983).

Because the Court's interpretation and application of the policy to the undisputed facts yield the conclusion that defendant owed no defense or coverage for Sherwood's workers compensation claims pursued under Illinois law, the Court will grant defendant's summary judgment motion. The ruling results in summary judgment in favor of defendant on both its counterclaim and on plaintiffs' claims. Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #23] is granted.


Dated this   19th   day of November, 2007.


/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE